UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-360 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Tavaughn Lamarr Combs, | |
| Defendant. | |

This matter comes before the Court on the Government's Unobjected-To Motion to Continue Pretrial Discovery, Response, and Motions Filing and Hearing Dates. ECF No. 14. The Government requests a one-week extension of its disclosures deadline. *Id*. at 1-2. The Government notes that "[d]ue to prior holiday travel and the past two days of snow and ice storms, government personnel have needed to work from home and have been unable to prepare its disclosures." *Id*. at 1. The Government requests that its disclosures deadline be extended to January 10, 2023, and the subsequent deadlines, including Defendant's disclosures, motions filing, motions response, and the motions hearing, be similarly extended by one week *Id*. at 2. The Government notes that Defendant has been released on conditions and non-cash bond since December 22, 2022, and that defense counsel has no objection to the requested extension. *Id*. at 1-2.

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy

trial and such continuance is necessary to provide the parties reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Unobjected-To Motion to Continue Pretrial Discovery, Response, and Motions Filing and Hearing Dates, ECF No. 14, is **GRANTED**.

2. The period of time from **January 4 through January 24, 2023**, shall be excluded from Speedy Trial Act computations in this case.

3. The government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **January 10, 2023**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the government is requested to make, by **January 10, 2023**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

4. Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders the United States to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

5. Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **January 17, 2023**. D. Minn. LR 12.1(a)(2).

6. The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial.

7. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **January 24, 2023.** D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Tony N. Leung.

8. Counsel shall electronically file a letter on or before **January 24, 2023**, if no motions will be filed and there is no need for a hearing.

9. All responses to motions shall be filed by **February 7, 2023**. D. Minn. LR 12.1(c)(2).

10. Any Notice of Intent to Call Witnesses shall be filed by **February 7, 2023**. D. Minn. LR 12.1(c)(3)(A).

11. Any Responsive Notice of Intent to Call Witnesses shall be filed by **February 10, 2023**. D. Minn. LR 12.1(c)(3)(B).

12. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The Government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or

3

response pleadings.

13. If required and subject to further order of the Court, the motions hearing shall be heard before Magistrate Judge Tony N. Leung on **February 22, 2023, at 1:30 p.m.**, in **Courtroom 9W**, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota 55415.  D. Minn. LR 12.1(d).

14. **TRIAL:**

   a. **IF NO PRETRIAL MOTIONS ARE FILED BY DEFENDANT: the following trial and trial-related dates are:**

   Counsel should submit two hard copies of trial briefs, voir dire, proposed jury instructions, exhibit and witness lists, and trial-related motions (including motions in limine) to District Judge Eric C. Tostrud's chambers on or before **February 20, 2023**.  In addition, counsel should email the proposed jury instructions and exhibit and witness lists to: tostrud_chambers@mnd.uscourts.gov.

   Judge Tostrud will hold a final pretrial on **March 3, 2023**, **at 9:00 a.m.** in **Courtroom 3B**, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota.

   This case must commence trial on **March 6, 2023, at 1:00 p.m.** before District Judge Tostrud in **Courtroom 3B**, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **SAINT PAUL**, Minnesota.

   b. **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.  Counsel**

**must contact the Courtroom Deputy for District Judge Tostrud to confirm the new trial date.**

Dated: January __5__, 2022	_____*s/Tony N. Leung*_____
	Tony N. Leung
	United States Magistrate Judge
	District of Minnesota


	*United States v. Combs*
	Case No. 22-cr-360 (ECT/TNL)